IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY G. MELLINGTON,

    Plaintiff,

vs.            Case No. 12-1080-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

    Defendant.


MEMORANDUM AND ORDER

 This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

## I. General legal standards

 The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On July 9, 2010, administrative law judge (ALJ) William H. Rima issued his decision (R. at 9-18). Plaintiff alleges that he has been disabled since January 9, 2009 (R. at 9). Plaintiff is insured for disability insurance benefits through December

31, 2011 (R. at 11). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 11). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), sleep apnea, bilateral carpal tunnel syndrome status post bilateral carpal tunnel release, obesity, and impingement of the left shoulder status post surgery (R. at 11). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13). After determining plaintiff's RFC (R. at 14), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 17). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 17-18). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 18).

**III. Did the ALJ err in his consideration of plaintiff's obesity?**

SSR 02-1p is a social security ruling governing the evaluation of obesity. It states that, when assessing RFC, obesity may cause limitations of various functions, including exertional, postural and social functions. Therefore, an assessment should also be made of the effect obesity has upon

the claimant's ability to perform routine movement and necessary physical activity within the work environment. Obesity may also affect the claimant's ability to sustain a function over time. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. 2002 WL 32255132 at *7. The discussion in the SSR on obesity and RFC concludes by stating that: "As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." 2002 WL 32255132 at *8.

The ALJ found that plaintiff had a number of severe impairments, including obesity (R. at 11). The ALJ also stated the following regarding plaintiff's obesity:

> The claimant is also obese. The claimant is 6 feet tall and weighs between 307 and 350 pounds [citation to record omitted] This corresponds to a body mass index (BMI) between 41.6 and 47.5. A BMI greater than 30 is indicative of obesity. This is consistent with the claimant's medical record [citation to record omitted] I considered the effect of this condition in determining the above residual functional capacity.

(R. at 16). The ALJ found that plaintiff was limited to light work (lifting 20 pounds occasionally and 10 pounds frequently), plaintiff can stand/walk for 6 hours and sit for 6 hours in an 8 hour workday; plaintiff can only occasionally climb, stoop, kneel, crouch, or crawl; plaintiff can only frequently balance;

6

plaintiff must avoid continuous repetitive use of his upper extremities, and plaintiff should avoid concentrated exposure to various environmental conditions (R. at 14).

The ALJ gave "significant" weight to the opinions of Dr. Parsons, a non-examining state agency consultant, in determining plaintiff's RFC (R. at 16, 361, 322-329). As noted by the ALJ, there are no opinions in the record from a treating or examining physician, or from any other medical source, stating that plaintiff is disabled or has limitations greater than those determined in the ALJ's decision (R. at 16).

In the case of Arles v. Astrue, 438 Fed. Appx. 735, 740 (10th Cir. Sept. 28, 2011), the ALJ specifically stated that plaintiff's obesity was evaluated under the criteria set forth in SSR 02-1p, and that the court's practice was to take a lower tribunal at its word when it declares that it has considered a matter [citing to Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005]. Moreover, the court noted that the claimant did not discuss or cite to any evidence showing that obesity further limited his ability to perform a restricted range of sedentary work. The court held that the ALJ's decision provided an adequate explanation of the effect of obesity on plaintiff's RFC.

In the case of Warner v. Astrue, 338 Fed. Appx. 748, 751 (10th Cir. July 16, 2009), the ALJ found that the claimant's body

7

mass index placed her in the obese range and concluded that she had significant restrictions in her abilities to perform work related activities, in part, as a result of her obesity.  The ALJ followed this statement with a detailed discussion of the claimant's orthopedic, muscular, rheumatic, and joint issues, coronary artery disease, and pain.  The ALJ made RFC findings consistent with the assessment of the medical consultant.  The court held that the ALJ decision adequately discussed the effect of obesity on the claimant's other severe impairments.

In the case before the court, the ALJ found that plaintiff was obese, and set forth his body mass index (BMI).  The ALJ stated that he considered the effect of plaintiff's obesity in determining plaintiff's RFC.  As noted above, the court's general practice is to take a lower tribunal at its word when it declares that it has considered a matter.  The ALJ discussed in some detail plaintiff's back impairment, COPD, sleep apnea, carpal tunnel syndrome, and shoulder impingement (R. at 15-16).  Finally, plaintiff failed to cite to any medical or other evidence showing that obesity resulted in limitations not contained in the ALJ's RFC findings.  When none of the record medical evidence conflicts with the ALJ's RFC findings, and the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.  Howard v. Barnhart, 379 F.3d 945, 947

(10th Cir. 2004). In sum, as in Arles and Warner, the court finds that the ALJ's decision provided an adequate discussion of the effect of obesity on plaintiff's RFC.

**IV. Did the ALJ err in his analysis of plaintiff's credibility?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and

9

why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice

had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ discounted plaintiff's credibility based on his daily activities, that plaintiff had not generally received the type of medical treatment one would expect for a totally disabled person, that treatment had been routine and/or conservative, and that plaintiff had made inconsistent reports of his abilities.  The ALJ also found plaintiff credible in some respects, specifically noting that he had lifting limitations and had trouble bending, which were reflected in plaintiff's RFC (R. at 15).

Plaintiff specifically takes issue with the ALJ's reliance on the ALJ's statement that plaintiff had not generally received the type of medical treatment one would expect for a totally disabled person, and that treatment had been routine and/or conservative (Doc. 12 at 4-7).  The ALJ failed to cite to any evidence or medical authority in support of these assertions, and did not cite to any statute, regulation or ruling in supports of these assertions.  As this court indicated in Dannels v. Astrue, Case No. 10-1416-SAC (D. Kan. Dec. 20, 2011; Doc. 19 at 9-11), the ALJ erred by discounting plaintiff's credibility because she had not received the type of treatment one would expect from a totally disabled person in the absence of any evidence or authority for this assertion.

On the other hand, the physical RFC assessment, which was affirmed by Dr. Parsons (R. at 322-329, 361), took into account plaintiff's daily activities in determining plaintiff's RFC (R. at 327). Plaintiff does not take issue in his brief with the ALJ's reliance on plaintiff's daily activities. The assessment approved by Dr. Parsons reviewed and summarized plaintiff's medical records (R. at 327, 329). The ALJ also reasonably relied on inconsistent statements by the ALJ to discount plaintiff's credibility (R. at 15); this is not contested by plaintiff in his brief. The ALJ gave "significant" weight to the opinions of Dr. Parsons (R. at 16). There is no medical opinion evidence that disputes or contradicts the opinions of Dr. Parsons, or which indicates that plaintiff has limitations not included in the ALJ's RFC findings.

Although the court has some concerns with the ALJ's reliance on the type and extent of plaintiff's medical treatment, after examining the record as a whole, including the fact that the ALJ's RFC findings are supported by substantial evidence in the record, including the medical opinion evidence, the court finds that the balance of the ALJ's credibility analysis is nonetheless closely and affirmatively linked to substantial evidence. See Beckett v. Astrue, Case No. 10-1370-SAC (Dec. 6, 2011; Doc. 12 at 17-18)(Although the court had some concern with the ALJ's failure to consider the evidence that

plaintiff lacked insurance for the period of time that he did not receive medical treatment, after examining the record as a whole, including the fact that the ALJ's RFC findings are generally consistent with the medical opinion evidence, the court finds that the balance of the ALJ's credibility analysis is nonetheless closely and affirmatively linked to substantial evidence); Williams v. Astrue, Case No. 09-1341-SAC (D. Kan. Oct. 26, 2010; Doc. 19 at 17-18)(same); Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record."); Matlock v. Astrue, Case No. 09-1207-MLB (D. Kan. May 7, 2010; Doc. 16 at 24-26)(While the court had a concern with the ALJ's conclusion that the claimant's ability to perform daily activities "to any degree suggests that he retains the ability to work full-time," the court concluded that the balance of the credibility analysis was closely and affirmatively linked to substantial evidence, including the lack of any medical evidence that plaintiff had limitations not included in the ALJ's RFC findings); McGlothlin v. Astrue, Case No. 08-1117-WEB (D. Kan. Aug. 4, 2009, Doc. 17 at 13 (same); Landwehr v. Astrue, Case No. 08-1154-WEB (D. Kan. May 14, 2009,

Doc. 15 at 14-17) (Despite one error in the ALJ's credibility analysis, the court held that the ALJ's credibility analysis was nonetheless closely and affirmatively linked to substantial evidence); Kochase v. Astrue, Case No. 07-1190-MLB, 2008 WL 852123 at *9 (D. Kan. March 28, 2008, Doc. 14 at 20-23) (same).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 6th day of March, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge